D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Shawn Musgrave (SBN *pending*)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
smusgrave@revealnews.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

THE CENTER FOR INVESTIGATIVE REPORTING and MOHAMED AL ELEW,

Plaintiffs,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendant.

Case No. ________________

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Mohamed Al Elew (collectively "Plaintiffs") seek processing and release of agency records requested from the U.S. Environmental Protection Agency (hereinafter "EPA").

2. In September 2021, Plaintiffs submitted two FOIA requests to the EPA for records

related to the Natural Gas STAR Program, a voluntary collaboration between the EPA and oil and gas companies to reduce methane emissions and record such reductions.

3. To date, Defendants have failed to comply with FOIA's statutory deadlines and have improperly withheld records responsive to these FOIA requests.

4. Plaintiffs have exhausted all administrative remedies.

5. Plaintiffs now ask the Court for an injunction requiring Defendants to promptly release the withheld records.

**JURISDICTION**

6. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

**VENUE AND INTRADISTRICT ASSIGNMENT**

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district.

8. Assignment to the San Francisco Division or the Oakland Division is proper pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

**PARTIES**

9. Plaintiff CIR publishes *Reveal*, an online news site, at revealnews.org, and *Reveal*, a weekly public radio show with approximately 3 million listeners per week, as well as documentaries and other media. Founded in 1977 as the first non-profit investigative news organization in the country, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

10. Plaintiff Mohamed Al Elew is a data reporter for *Reveal* and an employee of CIR. *Mohamed Al Elew*, Reveal, https://revealnews.org/author/mohamed-al-elew/.

11. Defendant EPA is an independent regulatory agency within the executive branch of the United States government and a federal agency within the meaning of 5 U.S.C. § 552(f). CIR is informed and believes that the EPA has possession and control of the records sought by its FOIA requests.

## FACTUAL BACKGROUND

### Natural Gas STAR Program

12. This case concerns the Natural Gas STAR Program, which the EPA established in 1993 "to implement methane reducing technologies and practices and document [companies'] voluntary emission reduction activities." *Natural Gas STAR Program*, EPA, https://www.epa.gov/natural-gas-star-program/natural-gas-star-program (accessed Dec. 7, 2021).

13. The Natural Gas STAR Program "provides a framework for Partner companies with U.S. oil and gas operations." *Id.* "By joining the Program, Partner companies commit to evaluate and implement cost-effective methane emission reduction opportunities and communicate and share that information across their corporation and with the Natural Gas STAR Program." *Id.*

14. The Program is well-established and attended. According to a recent EPA filing to the Office of Management and Budget (OMB), there were "52 reporting Natural Gas STAR Program partners" as of January 2021, which comprise "a mix of large and relatively small companies." EPA, *Supporting Statement for EPA Information Collection Request Number 2547.02 EPA's Voluntary Methane Challenge and Natural Gas STAR Programs* at 25, July 13, 2021, https://www.regulations.gov/document/EPA-HQ-OAR-2016-0731-0054. The agency "anticipates an average of one company will join the Program annually." A true and correct copy of the EPA's regulatory filing is attached as Exhibit A.

**Natural Gas STAR Program Participants Sign the Partnership Agreement that Puts Participants on Notice that Submitted Records Are Not Confidential**

15. All requested Natural Gas STAR Program records—including annual reports and implementation plans—are public, according to agreements the Participants sign.

16. Companies that join the voluntary Natural Gas STAR Program sign an agreement called the "Natural Gas STAR Program Partnership Agreement" that requires Participants to consent to publication of the material and acknowledge that no information submitted is confidential (hereinafter "the Partnership Agreement"). *See Join the Natural Gas STAR Program*, EPA, https://www.epa.gov/natural-gas-star-program/join-natural-gas-star-program (accessed Dec. 7, 2021). A true and correct copy of a blank Participation Agreement, which was downloaded from the EPA website, is attached as Exhibit B.

17. By signing the Partnership Agreement, each company agrees "to only share non-Confidential Business Information (CBI) to fulfill Gas STAR Program requirements, and understands that information submitted to the Program is subject to the Freedom of Information Act." Ex. B at 2.

18. Participation in the Program, including the submission of records under the Partnership Agreement, is strictly voluntary. According to the EPA:

> After one full year of participation in the Program, partners may begin submitting an annual report documenting the previous year's methane emission reduction activities. **It is important to note that all reported emission reduction activities must be voluntary and not driven by any regulatory requirement, whether federal, state or local.**

*Natural Gas STAR Program Reporting*, EPA, https://www.epa.gov/natural-gas-star-program/natural-gas-star-program-reporting (accessed Dec. 7, 2021) (emphasis added).

**Annual Reports Are Not Confidential**

19. Participating companies agree to submit annual reports for the Natural Gas STAR Program to the EPA auditing their methane emissions reduction practices. *See Join the Natural Gas*

*STAR Program*, EPA, https://www.epa.gov/natural-gas-star-program/join-natural-gas-star-program (accessed Dec. 7, 2021).

20. The EPA has had two methods for submission of annual reports. Originally, the EPA used an online submission process that required Participants to submit annual reports through a web portal called the "Natural Gas STAR Online Reporting System." *See Natural Gas STAR Program*, EPA, https://19january2017snapshot.epa.gov/natural-gas-star-program/natural-gas-star-program_.html (archived version of the program web site as of Jan. 17, 2017) (accessed Dec. 13, 2021). A true and correct copy of this web page is attached as Exhibit C.

21. The Natural Gas STAR Online Reporting System portal required companies to "check a box to confirm that they are not submitting CBI information." *Natural Gas STAR Online Reporting System*, EPA, http://www.ttemiprod.com/epagasstar-reporting/ (accessed Dec. 13, 2021). A true and correct copy of this web page is attached as Exhibit D. Given this acknowledgement, all annual reports submitted through the portal are public documents that are not confidential.

22. Today, Participants submit annual reports through Microsoft Excel spreadsheet templates provided by the EPA. A true and correct copy of one of the annual report templates is attached as Exhibit E.

23. The annual report templates similarly confirm that the submitted information is not confidential. On the first page of each template, the EPA cites the Office of Management and Budget's approval of the template form,[1] Ex. E at 1. The EPA obtained this OMB approval by declaring that all records submitted via the annual report templates are non-confidential. More specifically, the EPA attested to OMB in December 2018 that "partners agree to only share non-Confidential Business Information (CBI)" in their annual report submissions. EPA, *Supporting*

[1] The templates cite "OMB Control No. 2060-0328," which indicates the form is compliant with the Paperwork Reduction Act, 44 U.S.C. 3501 et seq.

*Statement for EPA Information Collection Request Number 1736.08: EPA's Natural Gas STAR Program*, Dec. 20, 2018, https://omb.report/icr/201904-2060-006/doc/91001401. Given this notice, all annual reports submitted via templates are public documents that are not confidential.

24. Additionally, in a July 2021 submission to the OMB requesting reapproval for the EPA's data collection for the Natural Gas STAR Program, the EPA again asserted that annual reports do not contain any "sensitive questions" since the annual report data is "non-Confidential Business Information." Ex. A at 11.

**Implementation Plans Are Not Confidential**

25. According to the Partnership Agreement, all participant companies agree to develop an Implementation Plan, which is a "company-specific approach for active participation in the Program" that is "to be shared with EPA." Ex. B at 2.

26. The EPA provides templates for implementation plans in the form of fillable PDF files. *See Join the Natural Gas STAR Program*, EPA, https://www.epa.gov/natural-gas-star-program/join-natural-gas-star-program (accessed Dec. 13, 2021). A true and correct copy of one implementation plan template is attached as Exhibit F.

27. The first page of each template reiterates, "The Partner should only share non-Confidential Business Information (CBI) to fulfill Gas STAR Program requirements." Ex. F at 1. Given this notice, all implementation plans submitted via templates are public documents that are not confidential.

28. In a July 2021 submission to the OMB for approval of its data collection forms, the EPA asserted to the OMB that Implementation Plans do not contain any "sensitive questions". Ex. A at 11. Rather, "as stated in the Partnership Agreement[,] Partners agree to only share non-Confidential Business Information (CBI)," and Partners "understand that information submitted to the Program[] is subject to the Freedom of Information Act." *Id.*

**EPA and Participants Have Previously Disclosed Natural Gas STAR Program Records**

29. The EPA has previously disclosed Natural Gas STAR Records, including to Plaintiffs.

30. Among documents the EPA disclosed in an interim release to Plaintiffs on November 29, 2021, were: (1) Apache Corporation's annual report from 2013, as submitted via the Natural Gas STAR Online Reporting System; (2) Chevron's annual reports from 2011 and 2005; (3) Kinder Morgan's annual report from 2012, as submitted via the Natural Gas STAR Online Reporting System; (4) Dominion Transmission's Implementation Plan dated February 2012; and (5) Plains Exploration and Production Company's Implementation Plan dated March 2010. True and correct copies of these documents are attached as Exhibits R through V, respectively.

31. Participants in the Natural Gas STAR Program also publicly disclose Natural Gas STAR Program data and other records. For instance, companies showcase their participation in the Program via "Technical Presentations," hundreds of which are posted online by the EPA for the general public to view. *See Technical Presentations*, EPA, https://www.epa.gov/natural-gas-star-program/technical-presentations (accessed Dec. 14, 2021) (collecting hundreds of such presentations since 2003).

**PROCEDURAL BACKGROUND**

**Annual Report Request (Request 1)**

32. On October 1, 2021, Plaintiffs submitted a FOIA request via the FOIAonline web application to the EPA seeking Natural Gas STAR Program annual reports (hereinafter "Annual Report Request"). A true and correct copy of the Annual Report Request is attached as Exhibit G. Plaintiffs requested:

> Natural Gas STAR Program annual reports submitted by any current and former program partners to the Environmental Protection Agency from reporting year 2010 through to reporting year 2020. Respondent records should include reports from all segments of the oil and natural gas industry, including but not be limited to Production Segment, Transmission Segment, Distribution Segment, and Gathering and Processing Segment.

Ex. G.

33. The Annual Report Request noted provisions in the Partnership Agreement in which companies confirmed they would not share any confidential business information in annual reports. *Id.*

34. On October 1, 2021, the EPA sent an email to Plaintiffs confirming receipt of the Annual Report Request and assigning it tracking number EPA-2022-000018. A true and correct copy of this email is attached as Exhibit H.

35. On October 7, 2021, the EPA sent an email granting Plaintiffs' request for a fee waiver regarding the Annual Report Request. A true and correct copy of this email is attached as Exhibit I.

36. On October 14, 2021, the EPA sent an email to Plaintiffs regarding the Annual Report Request indicating "an extension of time to respond to your request is necessary" and that the agency "anticipates that the response will take at least an additional 10 working days to respond." The email cited 40 C.F.R. § 2.104(e), which is the EPA regulation corresponding to the statutory provision that allows agencies an additional 10 business days to process FOIA requests due to "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). The email also indicated the EPA "estimates the Agency will be able to complete this request by Friday, November 19, 2021." A true and correct copy of this email is attached as Exhibit J.

**Implementation Plan Request (Request 2)**

37. On October 1, 2021, Plaintiffs submitted a FOIA request via the FOIAonline web application to the EPA seeking Natural Gas STAR Program implementation plans (hereinafter "Implementation Plan Request"). A true and correct copy of the Implementation Plan Request is attached as Exhibit K. Plaintiffs requested:

Natural Gas STAR Program implementation plans submitted by any current and former

> program partners to the Environmental Protection Agency from January 1, 2010 through to September 30, 2021. Respondent records should include implementation plans from all segments of the oil and natural gas industry, including but not be limited to Production Segment, Transmission Segment, Distribution Segment, and Gathering and Processing Segment.

Ex. K.

38. The Implementation Plan Request noted provisions in the Partnership Agreement in which companies agreed not to share confidential business information. *Id.*

39. On October 1, 2021, the EPA sent an email to Plaintiffs confirming receipt of the Implementation Plan Request and assigning it tracking number EPA-2022-000019. A true and correct copy of this email is attached as Exhibit L.

40. On October 7, 2021, the EPA sent an email granting Plaintiffs' request for a fee waiver regarding the Implementation Plan Request. A true and correct copy of this email is attached as Exhibit M.

41. On October 14, 2021, the EPA sent an email to Plaintiffs regarding the Implementation Plan Request indicating "an extension of time to respond to your request is necessary" and that the agency "anticipates that the response will take at least an additional 10 working days to respond." The email cited 40 C.F.R. § 2.104(e), which is the EPA regulation corresponding to the statutory provision that allows agencies an additional 10 business days to process FOIA requests due to "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). The email also indicated the EPA "estimates the Agency will be able to complete this request by Friday, November 19, 2021." A true and correct copy of this email is attached as Exhibit N.

**Discussions with EPA and Interim Releases for Both Requests**

42. On November 9, 2021, EPA FOIA Coordinator Daniel Hopkins contacted Plaintiffs by email with "formal requests for clarification" of the Annual Reports Request and the Implementation Plan Request (collectively, "Requests"). A true and correct copy of the EPA's

clarification request is attached as Exhibit O. Regarding both Requests, the EPA wrote, "Your request does not reasonably describe the records you are seeking in a way that will permit EPA employees to identify and locate them." Ex. O at 5, 7. Additionally, the EPA wrote, "The processing clock is stopped for your FOIA request[s] until we receive your clarification or modification." *Id.* at 6, 8.

43. Plaintiff Al Elew responded by email that he was "happy to discuss the request, [but] it is inappropriate to stop the processing clock, particularly since the determination deadline is fast approaching." *Id.* at 3. "Between the specificity of my request language and the agency documents I attached, both of these requests more than satisfy the legal requirement." *Id.*

44. Following Plaintiffs' response and a follow-up phone call, Defendant EPA indicated that it would "restart the clock, backing dating the restart to when we sent the clarification request, so that the due date for this FOIA will be unchanged," i.e., the "due date" for the Requests would remain November 19, 2021, as required by the statute. *Id.* at 1.

45. On November 15, 2021, Plaintiff Al Elew and Defendant EPA discussed the Requests in a phone call. A true and correct copy of email correspondence following this call is attached as Exhibit P.

46. After the call, Defendant EPA took the position that "EPA will need to contact natural gas partners to see if they consider records responsive to your request to be confidential business information (CBI)." Ex. P at 1. EPA indicated this process of contacting companies regarding potential confidential business information would "take an additional 90 business days" and that the "new estimated competition date for the FOIA would be Friday, April 1, 2022." *Id.* EPA requested Plaintiffs' permission "to change the due date in FOIA online to reflect our estimate for completing these FOIAs." *Id.*

47. EPA also indicated it would release previously processed documents "where the CBI

claim process had already occurred" and committed to "release these non-CBI records to [Plaintiffs] in an interim release." *Id.* EPA indicated this interim release would take place on November 19, 2021. *Id.* at 4.

48. On November 18, 2021, the day before the statutory deadline for EPA to provide a final determination, Defendant EPA again requested Plaintiffs' permission to push back the "due date" to April 1, 2022. *Id.*

49. On November 19, 2021, Plaintiffs responded that they would not agree to pushing back the due date beyond the statutory deadline. *Id.* at 6.

50. Also on November 19, 2021, the EPA was unable to provide the interim release of documents due to a "technical snag." *Id.* at 7.

51. On November 29, 2021, Defendant EPA provided an interim release of documents for both Requests. True and correct copies of emails from the EPA to Plaintiffs confirming this interim release are attached as Exhibit Q.

52. Among documents the EPA disclosed in the interim release were: (1) Apache Corporation's annual report from 2013, as submitted via the Natural Gas STAR Online Reporting System; (2) Chevron's annual reports from 2011 and 2005; (3) Kinder Morgan's annual report from 2012, as submitted via the Natural Gas STAR Online Reporting System; (4) Dominion Transmission's Implementation Plan dated February 2012; and (5) Plains Exploration and Production Company's Implementation Plan dated March 2010. True and correct copies of these documents are attached as Exhibits R through V, respectively.

53. On December 6, 2021, Defendant EPA sent a "status update" to Plaintiffs by email. A true and correct copy of this email is attached as Exhibit W. The EPA indicated its next steps with respect to both Requests were: (1) to "search[] for implementation plans and annual reports consistent with your FOIA request," and (2) "contact natural gas star partners to see if they claim CBI on

responsive records, find the correct decision making official within the partner organization to make CBI claims, apply reactions/withhold records in accordance with the CBI claim, and then prepare a final response." Ex. W.

54. In the same email, the EPA again indicated that the "estimated competition date . . . is Friday, April 1, 2022." *Id.*

55. To date, the EPA has not provided a final determination regarding either the Annual Report Request or the Implementation Plan Request.

56. Defendant EPA has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(B)(i)-(iii), which requires that an agency make determinations with respect to a FOIA request within 30 business days of receipt where the agency asserts "unusual circumstances" apply.

57. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

58. Plaintiffs repeat and reallege paragraphs 1-57.

59. Defendant EPA is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and must provide a lawful reason for withholding any materials as to which they claim an exemption.

60. Defendant EPA has failed to issue a final determination as to the Requests within the 30 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

61. Plaintiffs are entitled to declaratory and injunctive relief compelling the expedited release and disclosure of the requested records.

**REQUESTED RELIEF**

WHEREFORE, Plaintiffs prays that this Court:

1. Declare that Defendant EPA violated FOIA by failing to provide requested records in response to Plaintiffs' request and failing to notify Plaintiffs of a final determination as to the request within the statutory time limit;

2. Declare that the documents sought by the Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant EPA to expeditiously provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: December 15, 2021

Respectfully submitted,

By: *s/ D. Victoria Baranetsky*

D. Victoria Baranetsky (SBN 311892)
Shawn Musgrave (SBN *pending*)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
Email: vbaranetsky@revealnews.org

Attorneys for Plaintiffs