STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
GIOCONDA R. MOLINARI (CABN 177726)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7220
    Facsimile:  (415) 436-6748
    Gioconda.Molinari@usdoj.gov

Attorneys for the Defendant

D. Victoria Baranetsky (Cal. Bar No. 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org
Telephone: (510) 982-2890

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and MOHAMED AL ELEW,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendant. | Case No. 4:21-cv-09680-HSG<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br>Teleconference: September 6, 2022, 2 p.m. |

The parties jointly submit this case management conference statement pursuant to the Court's August 16, 2022 Order (ECF Dkt. No. 32).

**1.    Jurisdiction and Service.**

There are no issues concerning personal jurisdiction, venue, or service. Jurisdiction is proper under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant has been served and

answered the complaint.

**2.      Statement of Facts.**

On October 1, 2021, Plaintiffs submitted two FOIA requests ("requests") to Defendant United States Environmental Protection Agency ("EPA" or "the Agency") seeking records relating to companies that participate in EPA's Natural Gas STAR Program. The Natural Gas STAR Program provides a framework for companies with oil and gas operations to implement methane reducing technologies and practices and document their voluntary emission reduction activities.

Plaintiffs contend that, as stated in the Complaint, companies that submit information to EPA through the voluntary Natural Gas STAR Program sign an agreement called the "Natural Gas STAR Program Partnership Agreement" that requires Participants to consent to publication of the material and acknowledge that no information submitted is confidential. *See* Complaint, Dkt. No. 1 at 4 (citing *Join the Natural Gas STAR Program*, EPA, https://www.epa.gov/natural-gas-star-program/join-natural-gas-star-program). The agency asked for an extension to answer both requests and subsequently responded that the requests did not reasonably describe the sought after records. *See id.* at 10.

After Plaintiffs clarified the requests, on November 15, 2021, EPA communicated to Plaintiffs that the Agency needed 90 additional days to process the requests, because some of the requested information was potentially confidential business information ("CBI") that the companies had provided EPA voluntarily. Therefore, EPA needed to go through the EPA CBI substantiation and determination process with the companies, as required by EPA regulations before making a production determination. 40 C.F.R. § 2.204; *see also* 40 C.F.R. §§ 2.201-2.301. Specifically, EPA needed to determine whether the information was entitled to confidential protection under the regulations by examining the business information under FOIA Exemption 4, 5 U.S.C. § 552(b)(4), which protects from disclosure to the public "trade secrets and commercial or financial information obtained from a person [that is] is privileged or confidential." EPA communicated to Plaintiffs an estimated final date of completion of April 1, 2022, in order to complete the CBI substantiation process with the companies. *Id.* And on November 29, 2021 EPA made its first interim production to plaintiffs.

On December 15, 2021, Plaintiffs filed their complaint alleging that EPA unlawfully withheld the requested documents. Five months later, in May 2022, EPA completed production of the requested

records in full, and without any redactions. On June 7, 2022, pursuant to the parties' stipulation the Court dismissed with prejudice all the FOIA issues and claims in this action, except for Plaintiffs' claim for attorney's fees and costs. ECF No. 28. The parties are negotiating Plaintiffs' fees and costs demand.

**3.     Legal Issues.**

The only issue to be decided is Plaintiffs' demand for attorneys' fees and costs. The parties disagree on whether Plaintiffs are eligible for, and entitled to, attorneys' fees and costs.

**Defendant's position:**

EPA asserts that Plaintiffs are not eligible or entitled for attorneys' fees because, among other things, Plaintiffs' suit did not cause EPA's to produce the records, nor cause EPA to release more quickly than EPA anticipated. As stated above, EPA had been releasing documents in November 2021, before Plaintiffs filed their complaint in December 2021, had advised Plaintiffs that more records were forthcoming, continued producing after the complaint was filed, had completed 99% of the production by April 2022, the anticipated completion deadline, and fully completed producing in May 2022.

Therefore, Plaintiffs cannot show eligibility for attorneys' fees under § 552(a)(4)(E)(ii)(II) as they cannot present "convincing evidence" of "a casual nexus between the litigation and the voluntary disclosure" of the records necessary to meet the three factors set out in *Church of Scientology v. United States Postal Serv.*, 700 F.2d 486, 490 (9th Cir. 1983); *First Amendment Coalition v. U.S. Department of Justice*, 878 F.3d 1119, 1128-29 (9th Cir. 2017). As to the first factor, "when the documents were released," EPA began releasing in November 2021, prior to December 2021 when Plaintiffs filed the lawsuit, and consistent with the estimated date of completion, by April 2021, 99% of the production had been completed. At no during that period did EPA resist producing to Plaintiffs. In contrast, in *First Amendment,* production was not made until after years of protracted litigation, and during which plaintiffs were "met with abject resistance throughout the entire litigation." *Id.* As to the second factor, causation, "what triggered the releases," EPA began releasing a month prior Plaintiffs filed their complaint, continued making ongoing releases without any resistance, and fully completed the production in May 2022, consistent with the pre-litigation completion estimate communicated to plaintiff pre-filing of the complaint.

In addition, Plaintiffs are not entitled to attorney's fees because EPA produced all responsive

documents in their entirety and EPA's production timeline was reasonable – i.e., completing production only six months after receiving the FOIA requests – in order to comply with EPA's CBI regulations regarding the hundreds of companies encompassed by the FOIA requests.  In *First Amendment* production was delayed by years of "protracted litigation"; plainly this was not the case here.  *See also Rich v. USCIS*, No C20-0813JLR, 2020 WL 7490 373 at *3 (W.D. Wash. December 21, 2020) (denying motion for attorney fees as "'the mere fact information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has 'substantially prevailed'" (quoting *Church of Scientology*, 700 F.2d at 491-92).

**Plaintiffs' position**:

Plaintiffs assert that they are statutorily eligible for attorneys' fees as they substantially prevailed, where the agency had been withholding records since October 2021.  Plaintiffs posit that the agency's delay was especially egregious where the records were plainly not confidential business information.  Plaintiffs further contend that even though the agency ultimately produced the records, the EPA would likely not have disclosed them, and certainly not within a timely manner had Plaintiffs not filed the litigation.  Last, Plaintiffs assert that even if the agency produced the requested records regardless of Plaintiffs' litigation, this Circuit does not require a causal nexus in order for Plaintiffs to obtain FOIA attorneys' fees.  See *First Amend. Coal. v. United States Dep't of Just.*, 878 F.3d 1119, 1130 (9th Cir. 2017) ("the text of the [FOIA] fees provision, 5 U.S.C. § 552(a)(4)(E), plainly does not require a causal nexus between the litigation and the agency's disclosure") (Berzon, J., concurring in the judgment) (emphasis added).  Indeed, absent from Congress's definition of a 'substantially prevailing' complainant is the discussion of a 'causal nexus' between the litigation and agency disclosure.

EPA and Plaintiffs disagree as to the reading of *First Amendment Coalition*, 878 F.3d at 1130, whether a causal nexus is required in this jurisdiction, and whether EPA's temporary withholding during the processing of the request was reasonable.

**4.     Motions.**

There are no prior or pending motions.  If the parties are unable to reach resolution on attorneys' fees, they will file motions.

**5.     Amendment of Pleadings.**

4

At this time, the parties do not anticipate that the pleadings will be amended.

**6.     Evidence Preservation.**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures.**

Subject to the Court's concurrence, the parties agree and stipulate that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.     Discovery.**

The parties do not anticipate the need for discovery.

**9.     Class Actions.**

This case is not a class action.

**10.    Related Cases.**

None.

**11.    Relief.**

Plaintiffs seek payment of attorneys' fees, which the parties are in the process of negotiating in good faith.  As discussed above, the parties disagree on whether Plaintiffs are eligible for or entitled to attorneys' fees.

**12.    Settlement and ADR.**

The parties respectfully request to be excused from the multi-option ADR process to which they have been assigned.  The parties have been meeting and conferring and intend to continue doing so in order to resolve the fees and costs issue on their own, and do not believe that ADR is necessary or appropriate at this time.  If the parties are unable to resolve that issue on their own the parties may engage in motion practice.

**13.    Consent to Magistrate Judge for all Purposes.**

Plaintiff declined Magistrate Judge jurisdiction.

**14.     Other References.**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15.     Narrowing of Issues.**

As stated above, production on the FOIA substantive requests has been completed.

**16.     Expedited Trial Procedure.**

The parties do not believe that this case is appropriate for an expedited trial.

**17.     Scheduling.**

There are no scheduling issues at this time.  If the parties are unable come to a resolution on the attorneys' fees issue, they anticipate engaging in motion practice.

**18.     Trial.**

The parties do not anticipate the need for a trial.

**19**.     **Disclosure of Non-party Interested Entities or Persons.**

Plaintiff filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. *See* Dkt. 3.   This requirement does not apply to EPA as Local Rule 3-16 does not apply to governmental entities, such as the United States or their agencies.

**20.     Professional Conduct.**

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

N/A.

//
//
//
//
//
//

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

Dated: August 31, 2022              By:          /s/
                                        GIOCONDA R. MOLINARI
                                        Assistant United States Attorney


The Center for Investigative Reporting

Dated: August 31, 2022              By:          /s/
                                        D. VICTORIA BARANETSKY
                                        Attorney for Plaintiffs

In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.